IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARAH ROPSON,

                           Plaintiff,

    v.

UNITED STATES,

                           Defendant.

ORDER

13-cv-746-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                           Plaintiff,

    v.

BENJAMIN MINOR,

                           Defendant.

ORDER

13-cr-58-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Sarah Ropson has filed a document on one of this court's civil complaint forms asking for the return of property seized in a criminal case in this court, <u>United States v. Minor</u>, 13-cr-58-bbc.  Plaintiff attaches to her complaint a document titled "Declaration of Publication" from the criminal case in which the government gave notice of the forfeiture of the property pursuant to Federal Rule of Civil Procedure 32.2 and 21 U.S.C. § 853.  Because the document was styled as civil complaint, it was treated as such and

opened as a new civil case, no. 13-cv-746-bbc.  However, after reviewing the submission, I construe it as an attempt by plaintiff to petition the court under § 853(n)(2) for a hearing to adjudicate the validity of her alleged interest in the property.  Section 853(n)(2) provides that

> [a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.  The hearing shall be held before the court alone, without a jury.

Because I understand plaintiff to be attempting to file a petition under § 853(n)(2) rather than a civil lawsuit, I will direct the clerk of court to close the civil case without requiring plaintiff to pay a filing fee and docket the petition in the above-captioned criminal case.  Further, I will give the government a short time to respond to the petition before setting further proceedings.

Although it is apparent to me that plaintiff seeks to file a § 853(n)(2) petition rather than a civil lawsuit, it is possible that I am mistaken.  If what plaintiff really wants is to initiate a civil lawsuit, she should file a response to this order indicating her desire to proceed in a separate lawsuit.  I take no position on the merits of such a lawsuit.


ORDER

IT IS ORDERED that

1.  Plaintiff Sarah Ropson's petition under 21 U.S.C. § 853(n)(2) shall be docketed in case no. 13-cr-58-bbc.

    2. The United States may have until November 27, 2013 to respond to the petition.

    3. The clerk of court is directed to close case no. 13-cv-746-bbc. Plaintiff shall not owe a filing fee for that action.

    Entered this 19th day of November, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge